IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD KA'ANOI,

     Plaintiff,                            No. CIV S-06-2730 DFL EFB PS

    vs.

UNITED STATES,[1]

     Defendant.                       <u>ORDER</u>

_____/

       Presently before the court is plaintiff's request for entry of Clerk's default. The government filed objections to plaintiff's request on February 28, 2007. In its objections, the government explains that service of the summons and complaint was defective as to all defendants under Fed. R. Civ. P. 4(c)(2). Furthermore, as the government points out, its motion to dismiss is currently pending before the court.

---

[1] On February 26, 2007, the United States certified that the individually named defendants (Clifford R. Kerr, Roger Waring and Steve Butryn) were acting within the scope of their employment as employees of the United States at the time of the alleged incidents. Accordingly, the government filed a notice substituting itself for those defendants pursuant to 28 U.S.C. § 2679(d)(2). Under that section, upon the certification that the named defendants were acting with the scope of their employment, the substitution of the government is mandatory and the action is deemed and an action brought against the United States under the Federal Tort Claims Act. *Kennedy v. United States Postal Serv*., 145 F.3d 1077, 1078 (9th Cir. 1998) (*per curiam*). Under that statute, the only proper defendant is the United States.

1

1   Under Fed. R. Civ. P. 12(a)(4), defendants have up to ten days after the Court's ruling on
2   that motion to file an answer.   For these reasons, plaintiff's February 27, 2007, request for entry
3   of default is DENIED.
4   IT IS SO ORDERED.
5   DATED:  March 7, 2007

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE