IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD KA'ANOI,

        Plaintiff,                    No. CIV S-06-2730 RBB EFB PS

vs.

UNITED STATES,                  FINDINGS & RECOMMENDATIONS

        Defendant.

                              /

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Defendant has filed a motion to dismiss, which this court deemed suitable for submission without oral argument. E.D. Cal. L.R. 78-230(h). Plaintiff has failed to file an opposition to the motion. Having considered all submitted materials, the undersigned issues the following findings and recommendations.

**I. BACKGROUND**

       This action is proceeding on the amended complaint, entitled "Torts Personal Injury 320 Assault, Libel and Slander or US Code - Title 18>PART I CAHPTER 7> &111," filed December 7, 2006. Plaintiff alleges that individual employees and officers of the United States Defense Reutilization Marketing Service ("DRMS") committed, or allowed others to commit, slander, libel and assault against him. *See* Amended Complaint, at p.1. Plaintiff also alleges a

1

claim for emotional distress as a result of these alleged torts.  Plaintiff names as defendants Clifford R. Kerr, Roger Warin, Steve Bury, and the DRMS.  On February 26, 2007, the United States Attorney for the Eastern District of California, acting through David Shelledy, Chief of the Civil Division, filed a certification that defendants Kerr, Warin, and Bury were acting within the scope of their office and employment with the DRMS, at all times pertinent to plaintiff's claims in the action.  Accordingly, the United States was substituted for these parties as the proper defendant by operation of 28 U.S.C. § 2679(d)(2).  *See* Notice of Substitution.

In its motion to dismiss, the United States also moves to dismiss the named federal agency, DRMS, on the basis that plaintiff's claims arise under the Federal Tort Claims Act ("FTCA").  For claims arising under the FTCA, the only proper defendant is the United States. *Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998).  Furthermore, a federal agency is not subject to suit *eo nomine* unless authorized by Congress in explicit language.  *Shelton v. United States Customs Serv.*, 565 F.2d 1140, 1141 (9th Cir. 1977).

Construing plaintiff's claims as arising under the FTCA, the court finds that the United States is the only proper defendant and that the federal agency, DRMS, should be dismissed.

**II.  MOTION TO DISMISS**

Construing plaintiff's complaint as alleging tort claims under the FTCA, the United States moves to dismiss on two grounds: (1) failure to exhaust administrative remedies under the FTCA; and (2) claims for libel/slander and assault are expressly precluded under the FTCA.

The court recommends that this action be dismissed due to lack of subject matter jurisdiction resulting from plaintiff's apparent failure to exhaust his administrative remedies.

Under the doctrine of sovereign immunity, actions against the United States may not be maintained except by its express consent.  *United States v. Testan*, 424 U.S. 392, 400 (1976); *Doe v. Attorney General of U.S.*, 941 F.2d 780, 788 (9th Cir. 1991).  Although Congress has consented to suit against the United States under the FTCA, the administrative claims requirement is an express limitation on that waiver of immunity.  Prior to litigating a tort claim

against the United States, a plaintiff must first file an administrative claim with the appropriate federal agency.  28 U.S.C. § 2675(a).

The administrative claim requirement under the FTCA is jurisdictional and cannot be waived.[1]  *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995).  Further, the exhaustion requirement is strictly construed.  *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).  "Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court.  It admits of no exceptions. . . . We are not allowed to proceed in the absence of fulfillment of the conditions merely because dismissal would visit a harsh result upon the plaintiff."  *Id.* (internal citations omitted).

Plaintiff has not alleged exhaustion in either of his original or amended complaint, nor has he filed any documents in opposition to defendant's motion, nor any other documents otherwise demonstrating exhaustion.  Failure to allege exhaustion under the FTCA is grounds for dismissal.  *See Reynolds v. Husk*, 273 F. Supp. 2d 11, 13 (D.D.C. 2002); *Russo v. Glasser*, 279 F. Supp. 2d 136, 146 (D. Conn. 2003).  His apparent failure to exhaust those remedies deprives this court of its jurisdiction to hear his claims.

Moreover, even if plaintiff had exhausted the administrative claims process the complaint nonetheless fails to invoke subject matter jurisdiction.  The allegations of the complaint are difficult to discern, but the complaint is clear that the plaintiff is attempting to sue for libel, slander, and assault.  Congress, in enacting the Federal Tort Claims Act, expressly refused to

////

////

////

---

[1] Federal courts are courts of limited jurisdiction and a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78 (1994).  Plaintiff bears the burden of proof that jurisdiction does in fact exist.  *See, e.g., Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir.1995); *Gingo v. United States Dep't of Educ.*, 149 F. Supp. 2d 1195, 1200 (E.D. Cal. 2000).  As noted below, plaintiff has not met his burden in establishing subject matter jurisdiction here.

waive the immunity of the United States for those very claims.[2]

**III. CONCLUSION**

In accordance with the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss be granted and this action be order dismissed for lack of subject matter jurisdiction; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 20, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The Act does not apply to:

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . .

28 U.S.C. § 2680(h)

4