IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD KA'ANOI,

        Plaintiff,

vs.

CLIFFORD R. KERR, *et al.*,

        Defendants.

Case No. 2:06-cv-02730 JKS EFB

ORDER

      Plaintiff, proceeding *in propria persona*, seeks to sue the Defense Reutilization and Marketing Service ("DRMS") and certain of its employees for assault, libel and slander. The United States was substituted for the originally named defendants pursuant to 28 U.S.C. § 2679(d)(2). The United States filed a motion to dismiss alleging lack of subject matter jurisdiction. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). On August 20, 2007, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within ten days. Plaintiff has filed objections and Defendant has filed a reply. These documents were reviewed by the undersigned.

      This Court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the motions on the applicable law. *See Orand v. United States*,

602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.  *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

The Court finds the findings and recommendations with regard to dismissal of DRMS, and the dismissal of the suit for failure to exhaust to be fully supported.  The Court however has misgivings regarding the recommendation to dismiss for lack of subject matter jurisdiction pursuant to the exception for libel and slander at 28 U.S.C. § 2680(h).  Although it is true that Plaintiff only indicated on his civil cover sheet an intent to proceed on theories of libel, slander, and assault, the Ninth Circuit requires us to look beyond the characterization of the complaint to the specified conduct.  *Thomas-Lazear v. Fed. Bureau of Investigation*, 851 F.2d 1202, 1207 (9th Cir. 1988).

To the extent that Plaintiff's claims arise out of the alleged libel and slander, the magistrate judge is correct that this Court would lack subject matter jurisdiction.  *See* 28 U.S.C. § 2680(h). However, the exception would likely not preclude a claim against the Government where the Government's own negligence is the proximate cause of Plaintiff's injury.  *See e.g.*, *Bennett v. United States*, 803 F.2d 1502 (9th Cir. 1986)(assault and battery exception did not apply when plaintiffs alleged that negligent hiring and supervision was the proximate cause of injuries to their minor child); *Senger v. United States*, 103 F.3d 1437 (9th Cir. 1996)(assault and battery exception did not apply when plaintiff alleged that negligent hiring, supervision, and failure to warn were the proximate cause of his injuries).  The exception would also not apply to a claim of intentional infliction of emotional distress, which did not arise out of the alleged libel and slander.  *See e.g. Sabow v. United States*, 93 F.3d 1445, 1456-57 (9th Cir. 1996).  As Plaintiff's pleadings make it difficult to evaluate what claims are being asserted, it is possible he could be alleging intentional infliction of emotional distress and negligent supervision or training on the part of the United States.[1]  Given the state of pleading and the need for administrative review of Plaintiff's claims, the Court does not believe it necessary or appropriate to rule on this question at this time.

---

[1] A negligence claim may be lurking in the background as Plaintiff states that DRMS "allowed" the named employees to engage in the unspecified conduct.  *See* Docket No. 8. Additionally, Plaintiff expressly alleges that certain actions were taken for the purpose of inflicting emotional harm.  *Id*.

ORDER

In order for Mr. Ka'anoi to successfully refile his claim against the United States under the Federal Tort Claims Act, he must first present his claim to the Defense Reutilization and Marketing Service.  *See* 28 U.S.C. § 2675(a).  The claim is normally presented in writing on a Government form known as Standard Form 95, available from federal agencies or on the internet.  *See* http://www.gsa.gov/Portal/gsa/ep/formslibrary.do.  Mr. Ka'anoi must present the claim to DRMS within two years of the accrual of his claim.  28 U.S.C. § 2401(b).  If these two years have already elapsed, but the claim accrued within two years of the date he filed his original complaint in this case, December 4, 2006, then Mr. Ka'anoi will be given sixty days from today to present his claim to DRMS.  *See* 28 U.S.C. § 2679(d)(5).  If DRMS finally denies the administrative claim, Mr. Ka'anoi may return to federal court and institute a new action against the United States.  Care should be taken to do this expeditiously as other deadlines will apply.  *See* 28 U.S.C. § 2401(a) and (b).

Accordingly, **IT IS ORDERED** that:

1. The findings and recommendations filed August 20, 2007, are adopted to the extent they are consistent with this Order;

2. Defendant's motion to dismiss at **Docket No. 12** is **GRANTED**;

3. This action is dismissed without prejudice for failure to exhaust; and,

4. The Clerk is directed to enter judgment for Defendant.

Dated this the 14th day of January 2008.

                                             /s/ James K. Singleton, Jr.
                                           **JAMES K. SINGLETON, JR.**
                                             United States District Judge